UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

NEIL JOSEPH GILLESPIE,

Appellant,

vs.

Appeal No. 26-10492
LT: 5:25-cv-486-SPC-PRL

WESLEY WILCOX, in his official capacity as
Marion County Supervisor of Elections, Florida,
BEN MARCIANO, in his official capacity as
Mayor of the City of Ocala, Florida
WILLIAM E. SEXTON, in his official capacity as
City Attorney, City of Ocala, Florida,
ANGEL B. JACOBS, in her official capacity as
City Clerk, City of Ocala, Florida,
KRISTEN DREYER, in her official capacity as
President, City Council, City of Ocala, Florida,
IRA BETHEA, Sr, in his official capacity as
President Pro-Tem, City Council, City of Ocala, Florida,
BARRY MANSFIELD, in his official capacity as
City Council Member, City of Ocala, Florida,
JAMES HILTY, Sr, in his official capacity as
City Council Member, City of Ocala, Florida,
JAY MUSLEH, in his official capacity as
City Council Member, City of Ocala, Florida,
CORD BYRD, in his official capacity as
Florida Secretary of State, the FLORIDA
DEPARTMENT OF STATE,
RON DESANTIS, in his official capacity
as Governor of Florida,

Appellees.
_______________________________________/

NOTICE: $605 APPEAL FEE PAID IN CASH ON FEBRUARY 27, 2026
Theft Complaint filed with United States Marshals Service

The Appellant pro se, Neil Joseph Gillespie, a nonlawyer, states:

1. As of the time and date of this Notice, this Court does not show the Appellant paid the appeal fee of $605 cash to the district court on February 27, 2026. Therefore the Appellant filed by email a theft complaint with David Santana, Deputy U.S. Marshal, Criminal Investigator,

U.S. Department of Justice, United States Marshals Service, Golden-Collum Memorial Federal Building and United States Courthouse, 207 NW 2nd Street, Ocala, FL 34475. (Exhibit 1)

2. A copy of the theft complaint was provided by email to Gregory W. Kehoe, United States Attorney, Middle District of Florida, U.S. Attorney's Office, U.S. Department of Justice (DOJ), the DOJ Civil Rights Division for the Middle District of Florida, The Hon. Marcia Morales Howard, Chief Judge, U.S. District Court, Middle District of Florida (USDC, MDFL), Megan A. Mann, Chief Deputy of Operations, USDC, MDFL, and Lisa Fannin, Ocala Division Manager.

3. The Appellant's theft complaint of March 8, 2026 to Deputy U.S. Marshal Santana states:

> On February 27, 2026 I paid $605 cash for an appeal fee to a deputy clerk in the Ocala Division of the U.S. District Court, Middle District of Florida, for appeal no. 26-10492. The attached receipt no. 14374 shows the money, $605 cash, was received at 3:37 PM on February 27, 2026.
>
> However, as of today, my $605 appeal fee has either not been submitted to Eleventh Circuit, or was stolen by the Eleventh Circuit. The enclosed docket for appeal no. 26-10492, printed today March 8, 2026 at 4:05 PM, shows "Fee Status: IFP Pending". This is a false statement. I paid the appeal fee of $605 in cash to the district court on February 27, 2026 at 3:37 PM.
>
> On February 13, 2026, the U.S. Eleventh Circuit Court of Appeals mailed me the enclosed Civil Docketing Notice that states at paragraph #1, within 14 days of this notice the appellant must, "Pay to the **District Court** the Filing Fee **OR** File a Motion to Proceed In Forma Pauperis (IFP) in the district court…" The notice is dated February 13, 2026; 14 days later is February 27, 2026.
>
> Therefore I timely paid the appeal fee of $605 to the district court. The enclosed docket for case no. 5:25-cv-486 shows "APPEAL FEES Paid by Neil Joseph Gillespie (Filing fee $605.00, Receipt Number OCA-14375). (KLS) (Entered: 02/27/2026)".
>
> The docket also shows at Doc. 21 "NOTICE of Filing by Neil Joseph Gillespie. (Attachments: # 1 Exhibit 1-11)(MGB) (Entered: 03/02/2026)" My Notice of Filing (Doc 21) is in compliance with paragraph #2 on the enclosed Civil Docketing Notice:
>
>> 2. File in the **District Court** a Transcript Order Form or a certificate stating no transcripts will be ordered. See FRAP 10(b) & the accompanying 11th Cir. IOP. (Not applicable in certain bankruptcy appeals. See FRAP 6(b)).

Although I am not an attorney, my Notice of Filing (Doc 21) was filed in compliance with paragraph #5 of the Civil Docketing Notice: [ChatGPT vs USDC MDFL Ocala 5.25-cv-486]

> 5. File in this Court (Eleventh Circuit) Civil Appeal Statement (attorneys only). See 11th Cir. R. 33-l(a)(3).

Regarding the Certificate of interested Persons and Corporate Disclosure Statement (CIP), paragraph #3 on the enclosed Civil Docketing Notice, it has been filed.

My Notice of Filing (Doc 21), submitted with the $605 appeal fee, states in part:

> 1. Today I paid the Clerk $605 cash for the filing fee in appeal no. 26-10492-E, per a Civil Docketing Notice dated February 13, 2026 from the U.S. Eleventh Circuit Court of Appeals.
>
> 3. On August 6, 2025 I filed an Application To Proceed In District Court Without Prepaying Fees or Costs (amended), form AO 239. (Doc 3) The Court has not ruled upon my application.
>
> 13. On February 12, 2026 I filed a Motion for Permission to Appeal In Forma Pauperis and Affidavit (Doc 19). The Court has not ruled upon my motion.

On February 25, 2026, I emailed Lisa Fannin <Lisa_Fannin@flmd.uscourts.gov>, the Ocala Division Manager, in part:

> Separately, on February 13, 2026, the US Eleventh Circuit COA served me a Civil Docketing Notice by mail, stating in part I must, within 14 days of this notice, "Pay to the District Court the Filing Fee OR File a Motion to Proceed In Forma Pauperis (IFP) in the district court. See FRAP 3(e), FRAP 24." Doc-19 shows I filed a Motion for Permission to Appeal In Forma Pauperis using a form from the U.S. Eleventh Circuit. Does the District Court plan to rule on my motion? Or does the District Court want my IFP motion filed on a different form, such as Form AO 240 (the short form) or Form AO 239 (the long form)?
>
> On February 19, 2026 @9:20 AM I telephoned the U.S. Eleventh Circuit (Tel. 404-335-6100) about the Civil Docketing Notice and the IFP motion. The person with whom I spoke was unable to differentiate between the district court IFP forms (AO 239 and AO 240) and Eleventh Circuit IFP form I filed on February 12, 2026 (Doc-19). Please advise which IFP form should be filed in the District Court for this appeal. Thank you.

Ms. Fannin responded by email on February 26, 2026 (enclosed) but did not respond to my question about which IFP form to file. Fortunately the next day, February 27, 2026,

my Social Security retirement direct deposit arrived, so I paid the $605 appeal fee in cash.

.

As I understand, once the filing fee is paid, a motion to appear in forma paupers becomes moot. In other words, once the filing fee is paid, the motion to proceed in forma pauperis is no longer necessary, as the party is no longer seeking to waive fees and costs. This means the court will not need to consider the financial status of the party for that appeal.

Oddly, Judge Chappell on March 5, 2026, entered an Order (Doc 22) that states in part, "Now before the Court is Plaintiff's motion for leave to appeal *in forma pauperis*. (Doc. 19)." That is nonsense, because once the filing fee is paid, the motion to proceed in forma pauperis is no longer necessary, as the party is no longer seeking to waive fees and costs. The Order concludes:

> 1. Plaintiff's motion for leave to appeal *in forma pauperis* (Doc. 19) is **DENIED**.
> 2. The Clerk is **DIRECTED** to send a copy of this Order to the Clerk for the Eleventh Circuit Court of Appeals.

Unfortunately it appears Judge Chappell may no longer be competent to serve as a judge and should be subject to a judicial disability proceeding. (28 U.S.C. 351-364).

On September 16, 2025, I filed a compliant with the U.S. Department of Justice alleging Judge Chappell and Magistrate Lammens violated 18 U.S.C. § 241, Conspiracy against rights, submission number **665324-SWD**. The complaint is enclosed, with my letter to Gregory W. Kehoe, United States Attorney, Middle District of Florida. My complaint alleges in part:

> District Judge Sheri Polster Chappell has violated my civil rights by failing to rule on my amended complaint (DOC 10) filed August 12, 2025 for my right to vote in the City of Ocala, Florida, and to appear on the ballot as a candidate for Mayor. The election is today.
>
> My amended complaint further alleges the Special Election in the City of Ocala being held today September 16, 2025 violates Florida Election Law thereby affecting every voter in the City of Ocala. My amended complaint (DOC 10) is attached. The complaint alleges violation of USC Title 52, Voting and Elections, FRCP 57 Declaratory Judgment, 28 U.S.C. § 2201 Creation of remedy, FRCP 65 Injunctions and Restraining Orders, FRCP 5.1 Constitutional Challenge. The court has supplemental jurisdiction for Florida Election Law under 28 U.S.C. § 1367.
>
> Judge Chappell has not ruled on my amended application to proceed in district court without prepaying fees or costs. (DOC 3). The court has refused to issue summons. (DOC 7). The court has ignored my notice under FRCP 73 and 28 USC 636 that I do not consent to a trial or rulings by a U.S. Magistrate Judge. (DOC

5). U.S. Magistrate Judge Philip R. Lammens denied (DOC 9) my motion (DOC 6) to e-file on the Court's CM/ECF system. Judge Chappell wrongly denied my objection to rulings by a U.S. Magistrate Judge, and wrongly prohibited me from filing on the Court's CM/ECF system. (DOC 13).

Judge Chappell and Magistrate Lammens violated 18 U.S.C. § 241, Conspiracy against rights:

> "If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same;…" https://www.law.cornell.edu/uscode/text/18/241

Judge Chappell has also engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts. (28 U.S.C. § 351).

Judge Chappell was appointed by President Obama. I have made legal filings showing Donald J. Trump, a nonlawyer, was the only major constitutionally qualified candidate in the 2016, 2020, and 2024 presidential elections, because lawyers admitted to practice law are officers of the court and members of the judicial branch of government (Ex parte Garland, 71 U.S. 333 (1866), and cannot under the separation of powers doctrine serve in an elected executive branch office such as president, or vice president, an elected legislative branch office, President of the Senate. See,
https://neil2024.blogspot.com/2025/02/donald-j-trump-president-of-united.html

> "Lawyers have turned our political system into a never-ending legal contest of lawsuits and court battles, investigations, subpoenas, depositions, and impeachment threats and trials. This is the Democratic Party. Bill Clinton, lawyer. Hillary Clinton, lawyer. Barack Obama, lawyer. Michelle Obama, lawyer. Joe Biden, Lawyer. Kamala Harris, lawyer. A Republican lawyer corrupting our political system is Ron DeSantis, a member of The Florida Bar."

Apparently President Obama facilitated the Russiagate hoax against President Trump.

> "Director of National Intelligence Tulsi Gabbard contends that new declassified documents show that former President Barack Obama engaged in the plot to create the lie that President Donald Trump had conspired with Russia to steal the 2016 presidential election." - Real Clear Politics, by David Harsanyi, July 25, 2025 (copy attached)

Finally, The Federal Election Commission has not provided records in response to my Freedom of Information Act (FOIA) request of May 9, 2025. U.S.

> Congresswoman Kat Cammack has not been able to assist me either, see the attached documents. Sarah Thompson, an associate of mine who died May 12, 2021 in Ocala, Florida, was named in my emails to the Commission. I will provide evidence showing the death of Sarah Thompson was a politically motivated homicide.

You may recall I visited you in April 2024 at your office in the Golden-Collum Memorial Federal Building and United States Courthouse regarding disruption of my U.S. Mail from the District Court in Jacksonville, Florida, addressed to Neil J. Gillespie. The missing mail was an Order (Doc 19) by U.S. District Judge Marcia Howard in case no. 5:24-cv-00101 remanding Marion County case no. 2024-CA-0209 back to Marion County, Florida. I am the Plaintiff in the case against Alphabet Inc., Google LLC, and other Defendants. Do you recall that matter?

4. In consideration that the Appellant timely paid the appeal fee of $605 to the district court on February 27, 2026, please advise if the following is necessary:

a. Motion to correct the fee status in this case from IFP Pending to Paid.

b. Motion to Strike Doc 6, USDC order denying IFP as to Appellant Neil J. Gillespie was filed on 03/05/2026. Docket Entry 22.[Entered: 03/05/2026 11:19 AM]

c. Motion to reinstate the following Appellees who show "Terminated" on the docket:

WESLEY WILCOX Terminated: 02/17/2026
MARION COUNTY SUPERVISOR OF ELECTIONS

BEN MARCIANO Terminated: 02/17/2026
MAYOR OF MARION COUNTY, FLORIDA

WILLIAM E. SEXTON Terminated: 02/17/2026
CITY ATTORNEY FOR THE CITY OF OCALA, FLORIDA

ANGEL B. JACOBS, Terminated: 02/17/2026
CITY CLERK FOR THE CITY OF OCALA, FLORIDA

d. Motion to correct the docket to show the Appelles who appear on the Appellant's Certificate of Interested Persons and Corporate Disclosure Statement filed by Appellant Neil J. Gillespie (Doc 7) on March 6, 2026.

5. The district court wrongly filed in this Court (Doc 3) Appellant's Certificate of Interested Persons and Corporate Disclosure Statement (CIP) [Entered: 02/17/2026 04:02 PM]. That CIP

was filed February 13, 2026 in the district court as part of a IFP Motion the day prior. On February 12, 2026 the Appellant filed a Notice of Appeal (Doc 18) and a Motion for Permission to Appeal In Forma Pauperis and Affidavit (Doc 19) in Case No. 5:25-cv-486-SPC-PRL. Later that night the Appellant realized that he failed to file a Certificate of Interested Persons and Corporate Disclosure Statement, a requirement found in small print on page one of his Motion for Permission to Appeal In Forma Pauperis and Affidavit. Therefore the CIP appearing at Doc 3 *was never intended to be filed at that time in this Court*. Subsequently the district court's error created confusion in this Court, and set in motion the unnecessary filing that appears at Doc 4. The Appeal in this case was docketed February 13, 2026. The CIP was due within 14 days after the date the appeal is docketed in this court (Due date February 27, 2026), or at the same time the party submits its first filing, whichever is earlier. The Appellant's first filing in this case was the CIP on March 6, 2026 (Doc 7).

6. The Appellant in the district court filed (Doc 21) "NOTICE of Filing by Neil Joseph Gillespie. (Attachments: # 1 Exhibit 1-11)(MGB) (Entered: 03/02/2026)" The Appellant's Notice of Filing (Doc 21) is in compliance with paragraph #2 on the the Court's Civil Docketing Notice:

> 2. File in the **District Court** a Transcript Order Form or a certificate stating no transcripts will be ordered. See FRAP 10(b) & the accompanying 11th Cir. IOP. (Not applicable in certain bankruptcy appeals. See FRAP 6(b)).

7. Although the Appellant is not an attorney, his Notice of Filing (Doc 21) was filed in compliance with paragraph #5 of the Civil Docketing Notice:

> 5. File in this Court (Eleventh Circuit) Civil Appeal Statement (attorneys only). See 11th Cir. R. 33-l(a)(3).

8. The Appellant's Notice of Filing (Doc 21 and Doc 21-1) [ChatGPT vs USDC MDFL Ocala 5.25-cv-486] appear as <u>Exhibit 2</u>.

9. As shown on the district court docket for case 5:25-cv-486-SPC-PRL, this is a civil rights case with a demand for $1,000,000. The Appellees can settle this case for $1 million dollars. A settlement check payable to Neil Joseph Gillespie in the amount of $1 million dollars will conclude his claims. In addition, this appeal shows ChatGPT is able to replace U.S Magistrate Judges, and permit the repeal of 28 U.S.C. § 363. ChatGPT will improve the effective and expeditious administration of the business of the courts, and do so while saving millions of dollars. Furthermore, every self-represented litigant must be granted permission to file electronically. Pursuant to 28 U.S.C. § 1654, litigants may appear personally or by counsel. Chief Judge Howard has failed to provide access to the courts, required under 28 U.S.C. § 452, to nonlawyer, self-represented (pro se) litigants, by denying access to the CM/ECF system.

> 28 U.S.C § 452 - Courts always open:
> All courts of the United States shall be deemed always open for the purpose of filing proper papers, issuing and returning process, and making motions and orders.

> 28 U.S. Code § 1654 - Appearance personally or by counsel
> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

10. Settlement of this case as shown in paragraph 9 is in the interest of the parties and will improve the effective and expeditious administration of the business of the courts, and do so while saving the Courts, and ultimately the American People, millions of dollars.

RESPECTFULLY SUBMITTED March 8, 2026.

Neil J. Gillespie, Appellant pro se
2801 SW College Rd. STE 3
Ocala, FL 34474
Tel: 352-239-9037
Email: Neil4Justice@yahoo.com
Email: NeilGillespie@mail.com (Florida Portal Eservice)