In the

# United States Court of Appeals

For the Eleventh Circuit

---

No. 26-10492

---

NEIL J. GILLESPIE,

*Plaintiff-Appellant,*

*versus*

MARION COUNTY SUPERVISOR OF ELECTIONS,
MAYOR OF THE CITY OF OCALA, FLORIDA,
CITY ATTORNEY FOR THE CITY OF OCALA, FLORIDA,
CITY CLERK FOR THE CITY OF OCALA, FLORIDA, et al.,

*Defendants-Appellees.*

---

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:25-cv-00486-SPC-PRL

---

ORDER:

Before the Court is the appellant's objection to the docketing of this appeal. The appellant primarily objects to the termination designations on the docket for Wesley Wilcox, Ben Marciano, William E. Sexton, and Angel B. Jacobs. Pursuant to Fed. R. App.

P. 43(c)(1), "[a] public officer who is a party to an appeal or other proceeding in an official capacity may be described as a party by the public officer's official title rather than by name." Based on this rule, the Clerk's Office includes only the public officer's official title on the docket rather than the public officer's name when there would be no confusion about the public officer's identity. The Clerk's Office initially mistakenly entered Wesley Wilcox, Ben Marciano, William E. Sexton, and Angel B. Jacobs—all public officers sued in their official capacities—by their names rather than by their official titles. The termination designations are a result of the correction of the docket to use the official titles under Fed. R. App. P. 43(c)(1). These termination designations had no impact as to the status of the parties to the appeal or the Court's jurisdiction.[1]

For avoidance of doubt, the Clerk's Office is directed to revise the docket to remove the termination designations from the docket for Wesley Wilcox, Ben Marciano, William E. Sexton, and Angel B. Jacobs. The Clerk's Office also is directed to (a) add the Governor of the State of Florida and City Councilmember Barry Mansfield to the docket, (b) correct the official title for the Mayor

[1] *See, e.g.*, *Welch v. Laney*, 57 F.3d 1004, 1010–11 (11th Cir. 1995) ("This court has held that the complaint itself, not the caption, controls the identification of the parties and the capacity in which they are sued."); *Lundgren v. McDaniel*, 814 F.2d 600, 604 n.2 (11th Cir. 1987) (Captions "are not determinative as to the parties to the action. . . . This approach is consistent with the general rule that, although captions provide helpful guidance to the court, they are not determinative as to the parties to the action or the court's jurisdiction.").

of the City of Ocala, Florida, and (c) identify all councilmembers sued in their official capacity.

The appellant's objection also included information regarding a court employee. Although the information about the court employee was publicly available, it has no relevance to this matter. The inclusion of this information appears intended to harass and "is a clearly unwarranted invasion of personal privacy." 11th Cir. R. 25-6(a)(2). The Clerk's Office is directed to STRIKE the objection. Within 14 days after the date of this order, the appellant may refile the objection without reference to the court employee. *See* 11th Cir. R. 25-6(b).

The appellant is notified that using the ECF system to harass court employees is abuse of the privilege of using the ECF system. The appellant is cautioned that if he abuses the privilege of using the ECF system again, the Court may revoke his permission to use the ECF system. *See* 11th Cir. R. 25-3(c).

/s/ Andrew L. Brasher
UNITED STATES CIRCUIT JUDGE