UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

NEIL JOSEPH GILLESPIE,

Appellant,

vs.

Appeal No. 26-10492
LT: 5:25-cv-486-SPC-PRL

WESLEY WILCOX, in his official capacity as
Marion County Supervisor of Elections, Florida,
BEN MARCIANO, in his official capacity as
Mayor of the City of Ocala, Florida
WILLIAM E. SEXTON, in his official capacity as
City Attorney, City of Ocala, Florida,
ANGEL B. JACOBS, in her official capacity as
City Clerk, City of Ocala, Florida,
KRISTEN DREYER, in her official capacity as
President, City Council, City of Ocala, Florida,
IRA BETHEA, Sr, in his official capacity as
President Pro-Tem, City Council, City of Ocala, Florida,
BARRY MANSFIELD, in his official capacity as
City Council Member, City of Ocala, Florida,
JAMES HILTY, Sr, in his official capacity as
City Council Member, City of Ocala, Florida,
JAY MUSLEH, in his official capacity as
City Council Member, City of Ocala, Florida,
CORD BYRD, in his official capacity as
Florida Secretary of State, the FLORIDA
DEPARTMENT OF STATE,
RON DESANTIS, in his official capacity
as Governor of Florida,

Appellees.
_________________________________________/

MOTION TO STRIKE NOTICE OF DISTRICT COURT'S DENIAL OF LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERS (Doc 6-1 and Doc 6-2)

The Appellant *pro se*, Neil Joseph Gillespie ("Gillespie"), a nonlawyer, moves to strike this Court's Notice entered March 5, 2026, *Notice of District Court's Denial of Leave to Proceed on Appeal In Forma Pauperis* (Doc 6-1 and Doc 6-2), and as grounds, states:

MOTION TO STRIKE NOTICE OF DISTRICT COURT'S DENIAL OF LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERS (Doc 6-1 and Doc 6-2)

INTRODUCTION

This motion alleges a violation of 18 U.S. Code § 241 - Conspiracy against rights, between U.S. District Judge Sheri Polster Chappell and the U.S. Eleventh Circuit Court of Appeals against Gillespie for the purpose of creating a false record in this appeal. Gillespie has a right to due process in this appeal under the Fifth Amendment to the U.S. Constitution. Judge Chappell and this Court have conspired against Gillespie's right to due process, knowingly and with malice aforethought, to falsely show Gillespie did not pay the $605 appeal fee to the district court on February 27, 2026, and that Judge Chappell had a legitimate basis to deny Gillespie leave to proceed on appeal *in forma pauperis*. Gillespie in fact timely paid the $605 appeal fee on February 27, 2026. Once the appeal fee was timely paid, any pending motion to appeal *in forma pauperis* became moot. For its part in the conspiracy against Gillespie's rights, this Court failed to show Gillespie paid the $605 appeal fee on the Docket for appeal 26-10492, and wrongly showed this appeal as "Fee Status: IFP Pending" on March 6, 2026. The purpose of this conspiracy against Gillespie's rights was to allow this Court leave to dismiss the appeal on the grounds Judge Chappell claimed in her district court Order (Doc 22) in 5:25-cv-486-SPC-PRL. Gillespie responded to Judge Chappell's misconduct, and this Court's apparent misconduct on March 8, 2026 in this Court, see Doc 8-1, Doc 8-2, and Doc 8-3:

- NOTICE: $605 APPEAL FEE PAID IN CASH ON FEBRUARY 27, 2026 (Doc 8-1) Theft Complaint filed with United States Marshals Service
- Gillespie Complaint to David Santana, Deputy U.S. Marshal, Ocala Division (Doc 8-2)
- Notice of Filing (5:25-cv-486) (Doc 8-3)

On March 23, 2026, Gillespie moved (Doc 26) to strike Judge Chappell's Order (Doc 22) see attached. Gillespie's Motion To Strike In Forma Pauperis Order (Doc 22) states:

MOTION TO STRIKE NOTICE OF DISTRICT COURT'S DENIAL OF LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERS (Doc 6-1 and Doc 6-2)

1. On February 27, 2026 @ 3:37 PM Gillespie paid, in person, the $605 appeal fee in cash for appeal no. 26-10492 to the U.S. Eleventh Circuit Court of Appeals, to a deputy clerk in the Ocala Division, receipt no. 14374, cashier ID, #KS (6740). Receipt no. 14374 is attached.

2. Once the appeal fee is timely paid, any pending motion to appeal *in forma pauperis* becomes moot. Because Gillespie timely paid the filing fee, the motion to proceed *in forma pauperis* is moot, no longer necessary, as the party is no longer seeking to waive fees and costs. This means the court will not need to consider the financial status of the party for that appeal.

3. Nonetheless, on March 5, 2026 this Court entered an Order (Doc 22) concluding:

> 1. Plaintiff's motion for leave to appeal *in forma pauperis* (Doc. 19) is **DENIED**.
>
> 2. The Clerk is **DIRECTED** to send a copy of this Order to the Clerk for the Eleventh Circuit Court of Appeals.

4. The Order (Doc 22) must be stricken from the record because Gillespie timely paid the appeal fee on February 27, 2026 - six days prior to the Order (Doc 22) entered March 5, 2026. Once Gillespie timely paid the filing fee, the motion to proceed *in forma pauperis* is moot, no longer necessary, as the party is no longer seeking to waive fees and costs. This means the court does not need to consider the financial status of the party for that appeal.

5. This Court further stated in its Order (Doc 22), "Plaintiff has not identified any non-frivolous ground for appeal." (Page 2, first paragraph, last sentence). The Court is wrong. Gillespie identified a number of "non-frivolous grounds" for appeal, see Gillespie's Notice of Filing (Doc 21) filed February 27, 2026 when he paid the $605 appeal fee in cash to a deputy clerk in the Ocala Division, receipt no. 14374. Beginning at paragraph 4, Doc 21:

> 4. On December 11, 2025 I gave notice of voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(A)(i) (Doc 15) because Judge Chappell and Magistrate Lammens engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts, in violation of 28 U.S.C. § 351. Specifically, on September 16, 2025, I filed a compliant with the U.S. Department of Justice alleging Judge Chappell

and Magistrate Lammens violated 18 U.S.C. § 241, Conspiracy against rights, submission number **665324-SWD**. My complaint alleges in part:

District Judge Sheri Polster Chappell has violated my civil rights by failing to rule on my amended complaint (DOC 10) filed August 12, 2025 for my right to vote in the City of Ocala, Florida, and to appear on the ballot as a candidate for Mayor. The election is today.

My amended complaint further alleges the Special Election in the City of Ocala being held today September 16, 2025 violates Florida Election Law thereby affecting every voter in the City of Ocala. My amended complaint (DOC 10) is attached. The complaint alleges violation of USC Title 52, Voting and Elections, FRCP 57 Declaratory Judgment, 28 U.S.C. § 2201 Creation of remedy, FRCP 65 Injunctions and Restraining Orders, FRCP 5.1 Constitutional Challenge. The court has supplemental jurisdiction for Florida Election Law under 28 U.S.C. § 1367.

Judge Chappell has not ruled on my amended application to proceed in district court without prepaying fees or costs. (DOC 3). The court has refused to issue summons. (DOC 7). The court has ignored my notice under FRCP 73 and 28 USC 636 that I do not consent to a trial or rulings by a U.S. Magistrate Judge. (DOC 5). U.S. Magistrate Judge Philip R. Lammens denied (DOC 9) my motion (DOC 6) to e-file on the Court's CM/ECF system. Judge Chappell wrongly denied my objection to rulings by a U.S. Magistrate Judge, and wrongly prohibited me from filing on the Court's CM/ECF system. (DOC 13).

Judge Chappell and Magistrate Lammens violated 18 U.S.C. § 241, Conspiracy against rights:

> "If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same;…" https://www.law.cornell.edu/uscode/text/18/241

Judge Chappell has also engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts. (28 U.S.C. § 351).

Judge Chappell was appointed by President Obama. I have made legal filings showing Donald J. Trump, a nonlawyer, was the only major constitutionally qualified candidate in the 2016, 2020, and 2024 presidential elections, because lawyers admitted to practice law are officers of the court and members of the judicial branch of government (Ex parte Garland, 71 U.S. 333 (1866), and cannot under the separation of powers doctrine serve in an elected executive branch office such as president, or vice president, an elected legislative branch office, President of the Senate. See, https://neil2024.blogspot.com/2025/02/donald-j-trump-president-of-united.html

> "Lawyers have turned our political system into a never-ending legal contest of lawsuits and court battles, investigations, subpoenas, depositions, and impeachment threats and trials. This is the Democratic Party. Bill Clinton, lawyer. Hillary Clinton, lawyer. Barack Obama, lawyer. Michelle Obama, lawyer. Joe Biden, Lawyer. Kamala Harris, lawyer. A Republican lawyer corrupting our political system is Ron DeSantis, a member of The Florida Bar."

Apparently President Obama facilitated the Russiagate hoax against President Trump.

> "Director of National Intelligence Tulsi Gabbard contends that new declassified documents show that former President Barack Obama engaged in the plot to create the lie that President Donald Trump had conspired with Russia to steal the 2016 presidential election." - Real Clear Politics, by David Harsanyi, July 25, 2025 (copy attached)

Finally, The Federal Election Commission has not provided records in response to my Freedom of Information Act (FOIA) request of May 9, 2025. U.S. Congresswoman Kat Cammack has not been able to assist me either, see the attached documents. Sarah Thompson, an associate of mine who died May 12, 2021 in Ocala, Florida, was named in my emails to the Commission. I will provide evidence showing the death of Sarah Thompson was a politically motivated homicide.

5. My amended complaint further alleges the Special Election in the City of Ocala held September 16, 2025 violates Florida Election Law, and affects every voter in the City of Ocala.

6. On November 12, 2025, Magistrate Lammens entered a 15 page Order (DOC 14) concluding as follows:

> (1) Plaintiff's Amended Motion to Proceed in Forma Pauperis (Doc. 3) is TAKEN UNDER ADVISEMENT. Plaintiff shall file a second amended complaint on or before December 12, 2025. The second amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure and those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute.
>
> (2) Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 2) is DENIED as moot, in light of the filing of the Amended Motion to Proceed in Forma Pauperis (Doc. 3).

7. Magistrate Lammens' Order (DOC 14) was entered on November 12, 2025, which is 96 days after the Complaint (DOC 1) was filed on August 8, 2025, and 92 days after the Amended Complaint (DOC 10) was filed on August 12, 2025.

8. Magistrate Lammens' Order (DOC 14) was entered 57 days after the Special Election held September 16, 2025 in the City of Ocala, Florida.

> 9. Therefore, the facts pled in paragraph 7 and paragraph 8 show a *prima facia* case that Judge Chappell and Magistrate Lammens engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts, in violation of 28 U.S.C. § 351. This violation alone should result in their removal from office.

6. Therefore, Gillespie identified a number of "non-frivolous grounds" for appeal.

7. Because the Court engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts, in violation of 28 U.S.C. § 351, the Court entered its NOTICE of Local Rule 1.11(e) to seal the case (Doc 17, entered January 13, 2026), in an attempt to conceal its misconduct.

WHEREFORE, Gillespie moves to STRIKE this Court's *Notice of District Court's Denial of Leave to Proceed on Appeal In Forma Pauperis* (Doc 6-1 and Doc 6-2).

RESPECTFULLY SUBMITTED March 25, 2026.

Neil J. Gillespie, Appellant *pro se*
2801 SW College Rd. STE 3
Ocala, FL 34474
Tel: 352-239-9037
Email: Neil4Justice@yahoo.com
Email: NeilGillespie@mail.com (Florida Portal Eservice)

Service to the parties by the Count's Case Management/Electronic Case File system (CM/ECF) with public access through the PACER system (Public Access to Court Electronic Records)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NEIL JOSEPH GILLESPIE,

Plaintiff,

vs. Case: 5:25-cv-486-SPC-PRL

WESLEY WILCOX, in his official capacity as
Marion County Supervisor of Elections, Florida,
BEN MARCIANO, in his official capacity as
Mayor of the City of Ocala, Florida
WILLIAM E. SEXTON, in his official capacity as
City Attorney, City of Ocala, Florida,
ANGEL B. JACOBS, in her official capacity as
City Clerk, City of Ocala, Florida,
KRISTEN DREYER, in her official capacity as
President, City Council, City of Ocala, Florida,
IRA BETHEA, Sr, in his official capacity as
President Pro-Tem, City Council, City of Ocala, Florida,
BARRY MANSFIELD, in his official capacity as
City Council Member, City of Ocala, Florida,
JAMES HILTY, Sr, in his official capacity as
City Council Member, City of Ocala, Florida,
JAY MUSLEH, in his official capacity as
City Council Member, City of Ocala, Florida,
CORD BYRD, in his official capacity as
Florida Secretary of State, the FLORIDA
DEPARTMENT OF STATE,
RON DESANTIS, in his official capacity
as Governor of Florida,

Defendants.
_______________________________________/

MOTION TO STRIKE IN FORMA PAUPERIS ORDER (Doc 22)

The Plaintiff pro se, Neil Joseph Gillespie ("Gillespie"), a nonlawyer, moves to strike this Court's Order entered March 5, 2026 that denied the Plaintiff's motion for leave to appeal *in forma pauperis* (Doc. 19), and as grounds, states:

MOTION TO STRIKE IN FORMA PAUPERIS ORDER (Doc 22)

1. On February 27, 2026 @ 3:37 PM Gillespie paid, in person, the $605 appeal fee in cash for appeal no. 26-10492 to the U.S. Eleventh Circuit Court of Appeals, to a deputy clerk in the Ocala Division, receipt no. 14374, cashier ID, #KS (6740). Receipt no. 14374 is attached.

2. Once the appeal fee is timely paid, any pending motion to appeal *in forma pauperis* becomes moot. Because Gillespie timely paid the filing fee, the motion to proceed *in forma pauperis* is moot, no longer necessary, as the party is no longer seeking to waive fees and costs. This means the court will not need to consider the financial status of the party for that appeal.

3. Nonetheless, on March 5, 2026 this Court entered an Order (Doc 22) concluding:

> 1. Plaintiff's motion for leave to appeal *in forma pauperis* (Doc. 19) is **DENIED**.
>
> 2. The Clerk is **DIRECTED** to send a copy of this Order to the Clerk for the Eleventh Circuit Court of Appeals.

4. The Order (Doc 22) must be stricken from the record because Gillespie timely paid the appeal fee on February 27, 2026 - six days prior to the Order (Doc 22) entered March 5, 2026. Once Gillespie timely paid the filing fee, the motion to proceed *in forma pauperis* is moot, no longer necessary, as the party is no longer seeking to waive fees and costs. This means the court does not need to consider the financial status of the party for that appeal.

5. This Court further stated in its Order (Doc 22), "Plaintiff has not identified any non-frivolous ground for appeal." (Page 2, first paragraph, last sentence). The Court is wrong. Gillespie identified a number of "non-frivolous grounds" for appeal, see Gillespie's Notice of Filing (Doc 21) filed February 27, 2026 when he paid the $605 appeal fee in cash to a deputy clerk in the Ocala Division, receipt no. 14374. Beginning at paragraph 4, Doc 21:

> 4. On December 11, 2025 I gave notice of voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(A)(i) (Doc 15) because Judge Chappell and Magistrate Lammens engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts, in violation of 28 U.S.C. § 351. Specifically, on September 16, 2025, I filed a compliant with the U.S. Department of Justice alleging Judge Chappell

and Magistrate Lammens violated 18 U.S.C. § 241, Conspiracy against rights, submission number **665324-SWD**. My complaint alleges in part:

District Judge Sheri Polster Chappell has violated my civil rights by failing to rule on my amended complaint (DOC 10) filed August 12, 2025 for my right to vote in the City of Ocala, Florida, and to appear on the ballot as a candidate for Mayor. The election is today.

My amended complaint further alleges the Special Election in the City of Ocala being held today September 16, 2025 violates Florida Election Law thereby affecting every voter in the City of Ocala. My amended complaint (DOC 10) is attached. The complaint alleges violation of USC Title 52, Voting and Elections, FRCP 57 Declaratory Judgment, 28 U.S.C. § 2201 Creation of remedy, FRCP 65 Injunctions and Restraining Orders, FRCP 5.1 Constitutional Challenge. The court has supplemental jurisdiction for Florida Election Law under 28 U.S.C. § 1367.

Judge Chappell has not ruled on my amended application to proceed in district court without prepaying fees or costs. (DOC 3). The court has refused to issue summons. (DOC 7). The court has ignored my notice under FRCP 73 and 28 USC 636 that I do not consent to a trial or rulings by a U.S. Magistrate Judge. (DOC 5). U.S. Magistrate Judge Philip R. Lammens denied (DOC 9) my motion (DOC 6) to e-file on the Court's CM/ECF system. Judge Chappell wrongly denied my objection to rulings by a U.S. Magistrate Judge, and wrongly prohibited me from filing on the Court's CM/ECF system. (DOC 13).

Judge Chappell and Magistrate Lammens violated 18 U.S.C. § 241, Conspiracy against rights:

> "If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same;..."
> https://www.law.cornell.edu/uscode/text/18/241

Judge Chappell has also engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts. (28 U.S.C. § 351).

Judge Chappell was appointed by President Obama. I have made legal filings showing Donald J. Trump, a nonlawyer, was the only major constitutionally qualified candidate in the 2016, 2020, and 2024 presidential elections, because lawyers admitted to practice law are officers of the court and members of the judicial branch of government (Ex parte Garland, 71 U.S. 333 (1866), and cannot under the separation of powers doctrine serve in an elected executive branch office such as president, or vice president, an elected legislative branch office, President of the Senate. See, https://neil2024.blogspot.com/2025/02/donald-j-trump-president-of-united.html

> "Lawyers have turned our political system into a never-ending legal contest of lawsuits and court battles, investigations, subpoenas, depositions, and

> impeachment threats and trials. This is the Democratic Party. Bill Clinton, lawyer. Hillary Clinton, lawyer. Barack Obama, lawyer. Michelle Obama, lawyer. Joe Biden, Lawyer. Kamala Harris, lawyer. A Republican lawyer corrupting our political system is Ron DeSantis, a member of The Florida Bar."

Apparently President Obama facilitated the Russiagate hoax against President Trump.

> "Director of National Intelligence Tulsi Gabbard contends that new declassified documents show that former President Barack Obama engaged in the plot to create the lie that President Donald Trump had conspired with Russia to steal the 2016 presidential election." - Real Clear Politics, by David Harsanyi, July 25, 2025 (copy attached)

Finally, The Federal Election Commission has not provided records in response to my Freedom of Information Act (FOIA) request of May 9, 2025. U.S. Congresswoman Kat Cammack has not been able to assist me either, see the attached documents. Sarah Thompson, an associate of mine who died May 12, 2021 in Ocala, Florida, was named in my emails to the Commission. I will provide evidence showing the death of Sarah Thompson was a politically motivated homicide.

5. My amended complaint further alleges the Special Election in the City of Ocala held September 16, 2025 violates Florida Election Law, and affects every voter in the City of Ocala.

6. On November 12, 2025, Magistrate Lammens entered a 15 page Order (DOC 14) concluding as follows:

> (1) Plaintiff's Amended Motion to Proceed in Forma Pauperis (Doc. 3) is TAKEN UNDER ADVISEMENT. Plaintiff shall file a second amended complaint on or before December 12, 2025. The second amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure and those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute.
>
> (2) Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 2) is DENIED as moot, in light of the filing of the Amended Motion to Proceed in Forma Pauperis (Doc. 3).

7. Magistrate Lammens' Order (DOC 14) was entered on November 12, 2025, which is 96 days after the Complaint (DOC 1) was filed on August 8, 2025, and 92 days after the Amended Complaint (DOC 10) was filed on August 12, 2025.

8. Magistrate Lammens' Order (DOC 14) was entered 57 days after the Special Election held September 16, 2025 in the City of Ocala, Florida.

9. Therefore, the facts pled in paragraph 7 and paragraph 8 show a *prima facia* case that Judge Chappell and Magistrate Lammens engaged in conduct prejudicial to the effective

and expeditious administration of the business of the courts, in violation of 28 U.S.C. § 351. This violation alone should result in their removal from office.

6. Therefore, Gillespie identified a number of "non-frivolous grounds" for appeal.

7. Because the Court engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts, in violation of 28 U.S.C. § 351, the Court entered its NOTICE of Local Rule 1.11(e) to seal the case (Doc 17, entered January 13, 2026), in an attempt to conceal its misconduct.

WHEREFORE, Gillespie moves to STRIKE the Court's Order entered March 5, 2026 that denied the Plaintiff's motion for leave to appeal *in forma pauperis* (Doc. 19).

RESPECTFULLY SUBMITTED March 23, 2026.

Neil J. Gillespie

Neil J. Gillespie, Plaintiff pro se
2801 SW College Rd. STE 3
Ocala, FL 34474
Tel: 352-239-9037
Email: Neil4Justice@yahoo.com
Email: NeilGillespie@mail.com (Florida Portal Eservice)

Service to the parties by the Count's Case Management/Electronic Case File system (CM/ECF) with public access through the PACER system (Public Access to Court Electronic Records)

Generated: Feb 27, 2026 3:37PM

Page 1/1

# U.S. District Court

## Florida Middle - Ocala

Receipt Date: Feb 27, 2026 3:37PM

Neil Joseph Gillespie

Rcpt. No: 14374 Trans. Date: Feb 27, 2026 3:37PM Cashier ID: #KS (6740)

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|---|---|---|---|---|---|
| 203 | Notice of Appeal/Docketing Fee | 5:25-CV-486<br>Neil Joseph Gillespie | 1 | 605.00 | 605.00 |

| CD | Tender | Amt |
|---|---|---|
| CA | Cash | $605.00 |
| | Total Due Prior to Payment: | $605.00 |
| | Total Tendered: | $605.00 |
| | Total Cash Received: | $605.00 |

Comments: 5:25-cv-486-SPC-PRL

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.